UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM HARTMAN, an individual,<br><br>Plaintiff,<br>v.<br><br>CANYON COUNTY, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:20-cv-00026-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss. (Dkt. 5.) The motion is fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. D. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an employment dispute brought by William Hartman against his former employer, Canyon County. Hartman, a military veteran, was employed as a heavy equipment operator at the Pickle Butte landfill in Canyon County from June 11,

2012, until his termination from employment on May 2, 2017.

On March 18, 2017, Hartman overslept and arrived at work approximately one hour late. Hartman met with his direct supervisor, Daniel Pecunia, and the landfill director, David Loper, to discuss his tardiness after that same day. During the meeting, the participants discussed the fact that Hartman suffers from PTSD, anxiety, and chronic pain directly attributable to his combat service. Hartman alleges Canyon County had been aware for years of his service-related conditions, and that he was prescribed and took oxycodone for his conditions.

On March 23, 2017, Canyon County's human resources representative, Jennifer Allen, requested a meeting with Hartman. During the meeting, Allen informed Hartman that she had just become aware that Hartman was prescribed and took oxycodone during his employment. Hartman advised Allen that his oxycodone prescription was on file with Canyon County's landfill secretary, Debbie Jenks, and that he had disclosed his oxycodone prescription and use at each of the nine drug tests he participated in during his employment.

Allen confirmed with Jenks that Hartman had disclosed his oxycodone prescription and that the prescription was on file. However, on March 27, 2017, Allen informed Hartman that the prescription on file was out-of-date and directed Harman to provide an updated prescription within four days, or by March 31, 2017. Hartman immediately contacted the Veteran's Administration (VA) to request a copy of his prescription but was informed that such requests must be made in person.

Hartman went to the VA on two occasions, March 28, 2017, and April 4, 2017, to

request that the VA send a copy of his updated prescription to Allen. The VA told

Hartman that the request would take time to process and transmit. Hartman contacted the

VA several times between March 28, 2017 and April 28, 2017, and requested that the

prescription be sent to Allen. During that time, Hartman advised Allen of his efforts to

obtain the prescription from the VA, and Allen extended the date for Hartman to submit

his prescription.

On April 14, 2017, the VA still had not provided the updated prescription to Allen

and Mr. Loper placed Hartman on unpaid administrative leave. Hartman alleges that, in

addition to the updated prescription, Mr. Loper directed Hartman to also provide a

written medical release and authorization from his treating physician at the VA within

one week. Hartman states that he immediately called the VA to schedule an appointment

and that he continued to contact the VA in an effort to obtain the requested documents.

On April 21, 2017, and April 28, 2017, Hartman was notified that his employment

would be terminated unless the updated prescription and medical release and

authorization were provided. Hartman alleges he continued to try to obtain the materials

from the VA without success. Hartman's employment was terminated on May 2, 2017.

On November 28, 2018, Hartman filed a complaint in state court asserting three

claims: 1) disability-based discrimination in violation of the Americans with Disabilities

Act (ADA); 2) retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title

VII); and veteran's status-based discrimination in violation of the Uniformed Services

Employment and Reemployment Rights Act of 1994 (USERRA). *See William Hartman*

*v. Canyon County*, CV-14-18-12430. Hartman moved for voluntary dismissal of the

USERRA claim, conceding that the claim could only be brought in federal court. The state court granted the motion and dismissed the USERRA claim without prejudice on January 28, 2020. The state lawsuit proceeded on the two remaining claims brought under the ADA and Title VII. On April 29, 2020, the state court granted Canyon County's motion for summary judgment on both claims, finding Hartman failed to exhaust his administrative remedies before filing his lawsuit. (Dkt. 6-3.) The state court entered a final judgment on May 20, 2020. Hartman filed a motion to alter or amend judgment in the state court proceeding on June 2, 2020.

During the pendency of the state lawsuit and before the April 29, 2020 order, Hartman initiated the action before this Court on January 16, 2020. (Dkt. 1.) Hartman raised three claims alleging violations of the ADA, Title VII, and USERRA. Hartman amended his complaint to remove the ADA and Title VII claims on February 25, 2020, leaving only the USERRA claim. (Dkt. 3.)

Canyon County filed the present motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on May 27, 2020. (Dkt. 5.) Thereafter, the parties stipulated to stay the proceedings in this lawsuit pending resolution of the motion to alter or amend judgment in the state case. (Dkt. 12.) On March 8, 2021, the state court entered an order denying Hartman's motion to alter or amend judgment. (Dkt. 20, Ex. A.) After conferring with the parties, the Court lifted the stay in this matter and reopened the motion to dismiss on April 2, 2021. (Dkt. 19.) The parties submitted responsive briefing and the motion to dismiss is ripe for the Court's consideration.

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF LAW

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

When evaluating a Rule 12(b)(6) motion, the Court must accept all material factual allegations as true and draw any reasonable inferences in the non-moving party's favor. *Id*. However, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 555). Leave to amend the pleading should be freely granted, unless a "pleading could not possibly be cured by the allegation of other facts." *Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

## DISCUSSION

On this motion, Canyon County seeks dismissal of the Amended Complaint in its entirety based on: 1) collateral estoppel; 2) failure to allege a plausible USERRA claim;

3) an affirmative defense asserting that Canyon County had a legitimate, non-discriminatory reason to terminate Hartman's employment; and 4) failure to provide notice under the Idaho Tort Claims Act (ITCA). (Dkt. 5.) In response, Hartman argues the motion fails because: 1) collateral estoppel does not apply; 2) the Amended Complaint states a plausible claim for relief under USERRA, 3) an affirmative defense is not a proper basis for dismissal on the pleadings; and 4) no notice is required under the ITCA. (Dkt. 11.)

**1.      Extrinsic Materials**

As an initial matter, Hartman asserts that the Court may not consider the extrinsic materials submitted by Canyon County that are outside the pleadings in deciding this Rule 12(b)(6) motion. Alternatively, Hartman argues the motion should be converted to a motion for summary judgment, and that he should be given a reasonable opportunity to present materials in opposition to the motion. (Dkt. 11.)

In ruling on a Rule 12(b)(6) motion, the Court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "If, on a motion under Rule 12(b)(6)...matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. Rule Civ. P. 12(d); *see also United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, the Court is permitted to consider certain materials without making such a conversion, such as documents incorporated by reference into a complaint or matters of judicial notice. *Ritchie*, 342 F.3d at 907 ("A court may ... consider certain materials documents attached to the complaint, documents incorporated by reference in

the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.").

The Court has discretion either to consider such extrinsic evidence and convert the motion to dismiss into a motion for summary judgment, or to simply exclude the extrinsic evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). For the reasons that follow, the Court will not convert the motion to dismiss into a motion for summary judgment.[1]

Here, Canyon County submitted several materials from outside the pleadings in support of its motion comprised of documents filed in the state case, as well as evidence in the form of witness declarations, deposition testimony, and exhibits. (Dkt. 5, 6.) The Court will exclude the extrinsic evidence submitted by Canyon County from its consideration on this motion. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration."). Evidence from outside the pleadings is generally improper for a motion to dismiss made pursuant to Rule 12(b)(6). Further, the Court finds that the

---

[1] The Court gave serious consideration to converting the motion to dismiss to a motion for summary judgment, and denying the motion for summary judgment based on the disputed issues of fact presented upon review of the Amended Complaint and extrinsic materials. However, the Court finds it more appropriate to exclude the extrinsic materials submitted by Canyon County, and to consider the motion to dismiss purely to evaluate the sufficiency of the pleadings, as such motions are intended to do. Counsel for Canyon County is cautioned against filing serial motions to dismiss or disguised Rule 56 motions at the early stages of litigation. Fed. R. Civ. P. 1.

**MEMORANDUM DECISION AND ORDER - 7**

evidence does not inform or assist in resolving the issues raised in the present motion challenging the sufficiency of the pleadings.

However, the Court will take judicial notice of the documents filed in the state case that have been submitted by both parties. (Dkt. 6, 11, 20.) The documents filed in the state case are public records appropriate for the Court's consideration in ruling on a Rule 12(b)(6) motion. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (A court may take "take judicial notice of court filings and other matters of public record" in consideration of a motion to dismiss.). With these principles in mind, the Court turns to the instant motion to dismiss.

## 2.     Collateral Estoppel

Canyon County argues that Hartman's USERRA claim is barred by collateral estoppel, because the state court dismissed all of his claims for failure to exhaust administrative remedies. (Dkt. 5.) Hartman disagrees, asserting collateral estoppel does not apply, because: 1) the state court dismissed his USERRA claim without prejudice, prior to dismissing his Title VII and ADA claims on the merits, and 2) USERRA preempts the administrative exhaustion requirement. (Dkt. 11, 20.) Canyon County's reply brief is noticeably absent of any rebuttal on this issue. (Dkt. 21.) Both parties provided documents filed in the state case in support of their positions, which the Court takes judicial notice of as discussed above. (Dkt. 6, 11, 20.) For the reasons that follow, the Court will deny the motion to dismiss on this issue.

"Collateral estoppel stems from the doctrine of res judicata, and establishes a legal barrier against the relitigation of an identical issue with the same party or its privy."

*Picatti v. Miner*, 449 P.3d 403, 409 (Idaho 2019) (citing *Rodriguez v. Dep't of Correction*, 29 P.3d 401, 403 (Idaho 2001); *Anderson v. City of Pocatello*, 731 P.2d 171, 178 (Idaho 1986)). "This doctrine, also known as issue preclusion, prevents a party from resurrecting a lawsuit already put to rest; it protects litigants from unnecessary costs and promotes judicial economy from needless and likely inconsistent adjudications." *Id*. (citing *Berkshire Investments, LLC v. Taylor*, 278 P.3d 943, 951 (Idaho 2012); *Pines, Inc. v. Bossingham*, 963 P.2d 397, 400 (Idaho Ct. App. 1998)).

State law governs the application of collateral estoppel to a state court judgment in a federal civil rights action. *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019). In Idaho, there are five factors that must be evident for collateral estoppel to bar the relitigation of an issue determined in a prior proceeding:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Id*.

Having carefully reviewed the documents from the state case, the Court finds the question of administrative exhaustion was never actually litigated or decided by the state court with regard to the USERRA claim. Rather, the USERRA claim was dismissed without prejudice prior to the state court deciding the exhaustion issue as it related to the Title VII and ADA claims. (Dkt. 6-2, 6-3, 11-2, 20-2.) Thus, collateral estoppel does not apply here, as the issue sought to be precluded was not actually decided and there was no

**MEMORANDUM DECISION AND ORDER - 9**

final judgment on the merits in the state action.

Moreover, the grievance procedure contained in Canyon County's employee handbook cannot impose an administrative exhaustion requirement that abrogates substantive rights accorded to Hartman under USERRA. *See Ziober v. BLB Resources, Inc.*, 839 F.3d 814, 820-21 (9th Cir. 2016) (distinguishing § 4302(b)'s express prohibition on the creation of additional prerequisites such as exhaustion of contractual grievance procedures for the vindication of substantive rights under USERRA, from arbitration provisions). "USERRA expressly supersedes contracts which limit the rights it guarantees." *See Hogan v. United Parcel Service*, 648 F.Supp.2d 1128, 1142 (W.D.Mo. 2009) (discussing the interplay between USERRA and collective bargaining agreements). Section 4302(b) of USERRA provides: "[USERRA] supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit." 38 U.S.C. § 4302(b).

The plain language of Section 4302(b), quoted above, preempts Canyon County's administrative exhaustion requirement. *See e.g. Kane v. Town of Sandwich*, 123 F.Supp.3d 147, 160 (D. Mass. 2015) (citing *Carder v. Continental Airlines, Inc.*, No. 09-03173, 2009 WL 4342477, at *6 (S.D. Tex. Nov. 30, 2009)). Therefore, Defendant's argument that the USERRA claim is precluded by administrative exhaustion fails as a matter of law.

3.      **USERRA Claim**

"USERRA forbids employment discrimination on the basis of membership in the armed forces." *Townsend v. Univ. of Alaska*, 543 F.3d 478, 482 (9th Cir. 2008) (citing 38 U.S.C. §§ 4301(a)(3), 4311(a)). USERRA provides claims for discrimination and retaliation. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1105 (9th Cir. 2017) (outlining the standard for USERRA discrimination claims); *Wallace v. City of San Diego*, 479 F.3d 616, 624-25 n.1 (9th Cir. 2007) (outlining the standard for USERRA retaliation claims). As applicable here, USERRA's anti-discrimination provision provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). An employer will be held liable under § 4311(a) where an employee's uniformed service was "a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such" service. 38 U.S.C. § 4311(c)(1).

To establish an USERRA discrimination claim, a plaintiff must establish: (1) membership in the armed services; (2) an adverse employment decision; and (3) that the employee's military service was a motivating factor in the employer's adverse decision. *See* 38 U.S.C. § 4311(c)(1); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). The third element is at issue in the motion presently before the Court.

**MEMORANDUM DECISION AND ORDER - 11**

Canyon County asserts Hartman has failed to plead a viable claim, because USERRA does not provide for claims arising out of discrimination due to a service-related disability. (Dkt. 5, 21.) Further, Canyon County contends Hartman has not alleged his military service was a motivating factor in his termination. Hartman argues the facts alleged establish that his veteran status was a motivating factor in the termination of his employment. (Dkt. 11 at 13.)

"A USERRA plaintiff can establish the 'motivating factor' element through direct or circumstantial evidence." *Munoz v. In Genesis STGI Partners, LLC*, 182 F.Supp.3d 1097, 1104 (S.D. Cal. 2016) (citing *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). Circumstantial evidence is often relied on by USERRA plaintiffs because "discrimination is seldom open or notorious." *Sheehan*, 240 F.3d at 1014. Circumstantial evidence can include: (1) the "employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity;" (2) the "disparate treatment of certain employees compared to other employees with similar work records;" (3) the proximity in time between the military activity and the adverse action; (4) the employer's failure to follow its own policies; (5) inconsistencies between the employer's proffered reason and its other actions; and (6) the employer's history of discrimination. *Sheehan*, 240 F.3d at 1014; *see also McMillan v. Department of Justice*, 812 F.3d 1364, 1373–80 (Fed. Cir. 2016).

Here, the Amended Complaint alleges that, during the entirety of his employment, Canyon County knew Hartman was prescribed and took oxycodone at the direction of his treating physician at the VA for his service-related conditions. (Dkt. 3 at ¶¶ 10, 12, 13.)

MEMORANDUM DECISION AND ORDER - 12

Following Canyon County's request for medical documentation in March of 2017,

Hartman asserts that he informed Canyon County of the steps he was taking to obtain the

updated prescription and medical release from the VA, and the VA's responses. (Dkt. 3 at

¶¶ 23, 29, 34.) Hartman further contends he advised Canyon County that he had no

control over the VA, and that in his experience the VA processed paperwork very slowly.

(Dkt. 3 at ¶ 23.)

Relevant here, the Amended Complaint alleges "Canyon County's retaliation

against and termination of Mr. Hartman based on the ability, or lack thereof, of the

Veteran's Administration, Mr. Hartman's healthcare provider based on his veteran status,

to provide paperwork it demanded, when it demanded it, constitutes a material breach of

USERRA." (Dkt. 3 at ¶ 44.) Hartman asserts that he "objected to being placed on unpaid

administrative leave due to the slowness of the [VA], a process entirely outside his

control…." (Dkt. 3 at ¶ 29.) Canyon County cited no negative issues with Hartman's job

performance as a basis for any of the adverse employment actions taken against him.

(Dkt. 3 at ¶¶ 14, 25, 27, 35, 37.) Indeed, the Amended Complaint states:

> 35.    On April 21, 2017, Mr. Loper informed Mr. Hartman that his
> employment would be terminated on April 28, 2017, unless the Veteran's
> Administration had fully complied with the entirety of Canyon County's
> paperwork demands. Again, Mr. Loper cited zero concerns regarding Mr.
> Hartman's job performance.

 (Dkt. 3 at ¶ 35.)

The Court finds these allegations in the Amended Complaint are sufficient to state

a plausible USERRA claim. Specifically, they are sufficient to plead that Hartman's

military service was a motivating factor in Canyon County's decision to take an adverse

**MEMORANDUM DECISION AND ORDER - 13**

employment action against Hartman. *See* 38 U.S.C. § 4311(c)(1). Taking the facts alleged as true, and drawing reasonable inferences in Hartman's favor, the facts plead could be found to prove that Canyon County's adverse employment action against Hartman was motivated, at least in part, by his status as a military veteran. That is to say, Hartman could prove that Canyon County terminated Hartman's employment because of the VA's inability to timely provide the requested medical documentation to Canyon County, which is a circumstance unique to military veterans who are subject to the VA's benefits and bureaucracy.

In this regard, Hartman's allegations are distinct from those presented in the case relied on by Canyon County, *Cazares v. City of El Centro*, 2021 WL 807680 (S.D. Cal. March 3, 2021). In *Cazares*, the court held that the plaintiff's complaint failed to plead sufficient facts to allow the Court to plausibly infer the defendant's decision to terminate the plaintiff's employment was motivated by his military or veteran status. *Id.* at *7. Relevant here, the *Cazares* court concluded that claims arising out of alleged discrimination or retaliation based on a plaintiff's perceived or actual service-connected disability are not cognizable under USERRA. *Id.* at *10-14.

In contrast here, Hartman's claim does not allege discrimination based on his service-connected disabilities. (Dkt. 3.) Rather, the USERRA claim alleges Canyon County terminated Hartman's employment because the VA failed to provide the requested medical documents in the time frame demanded by Canyon County, a circumstance unique to military veterans who are subject to the VA's benefits and bureaucracy. Critically, the Amended Complaint alleges specific facts that plausibly

allow the Court to infer discriminatory animus on the basis of Hartman's military service. *See e.g.*, (Dkt. 3 at ¶ 35) (On April 21, 2017, Loper informed Hartman that his employment would be terminated on April 28, 2017, unless the Veteran's Administration had fully complied with the entirety of Canyon County's paperwork demands.). Thus, Hartman has plausibly alleged a USERRA claim arising out of his status as a former member of the uniformed services, not his service-related disabilities.

Whether Hartman will prevail on the claim remains to be seen. The allegations linking Canyon County's adverse employment actions to Hartman's veteran status by way of the VA's dilatory bureaucracy appear somewhat tenuous. Nevertheless, the Court finds the allegations in the Amended Complaint are sufficient at this stage to state a plausible USERRA claim. As explained above, Hartman has alleged specific facts linking Canyon County's decision to terminate his employment to his veteran status which is all that is required under Rule 12(b)(6).

## 4.      Remaining Issues

The Court will not address Canyon County's remaining arguments related to the merits of its affirmative defense and lack of notice under the ITCA.[2]  Neither of these contentions concern the sufficiency of the pleading. Rather, both arguments are appropriately addressed in the context of a motion for summary judgment, not a motion

---

[2] The Court is compelled to comment briefly on Defendant's ITCA argument, as dismissal under ITCA's notice provision is not warranted for two reasons. First, there is no tort claim alleged in this lawsuit that is subject to the ITCA's notice requirement. *See Van v. Portneuf Med. Ctr.*, 212 P.3d 982, 987-88 (Idaho 2009); *D.A.F. v. Lieteau*, 456 P.3d 193, 198 (Idaho 2019) (distinguishing the purely statutory claim in *Van* as a separate and distinct cause of action). Second, USERRA's preemption provision discussed above supersedes the ITCA's notice requirement. Notably, Canyon County abandoned its argument regarding the lack of notice under the ITCA in its reply brief. (Dkt. 21.)

to dismiss based on the sufficiency of the pleadings.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 5) is **DENIED**.

IT IS FURTHER ORDRED that the parties are directed to meet and confer regarding submission of a joint litigation plan and a discovery plan.[3] The Court's litigation plan form and the discovery plan form may be found on the District Court's website, www.id.uscourts.gov, under Forms.[4] The parties shall submit their joint litigation plan and discovery plan on or before **November 12, 2021**.

IT IS FURTHER ORDERED that the Court will conduct a telephonic scheduling conference on **November 19, 2021 at 9:30 a.m. (MT)**, for the purpose of confirming the deadlines proposed by the parties in the joint litigation plan. All parties shall use the Court's AT&T teleconference line to connect to this hearing, by dialing: 1-888-273-3658, Access Code: 5475731, Security Code: 5637.

DATED: October 18, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge

---

[3] The Court recognizes that some discovery has already been completed. The parties should confer and propose case management dates and discovery deadlines, as necessary, depending on what deadlines are appropriate and relevant for this case.

[4] URL address to access the Court's forms may be found here: http://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm

**MEMORANDUM DECISION AND ORDER - 16**